UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ROBERT ADAMS & LISA CASSEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ILM FIELD SERVICES, LLC,<br><br>Defendant. | No. 7:20-cv-00007 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Robert Adams (referred to as "Adams") and Lisa Cassel (referred to as "Cassel") (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendant ILM Field Services, LLC (collectively referred to as "Defendants" or "ILM"). In support thereof, they would respectfully show the Court as follows:

## I. Nature of Suit

1. Cassel's and Adam's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and the New Mexico Minimum Wage Act, §50-4-19 *et seq.*, ("NMMWA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. ILM violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. ILM violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Adams and Cassel bring this collective action under FLSA and NMMWA on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because ILM maintains office and business operations in this District.

## III.  Parties

9. Robert Adams is an individual who resides in Midland County, Texas and who was employed by ILM during the last three years.

10. Lisa Cassel is an individual who resides in Midland County, Texas and who was employed by ILM during the last three years.

11. ILS Field Services LLC is a foreign limited liability company that may be served with process by serving its registered agent: Matthew Adams, 4702 West Dengar, Midland, Texas 79707.

12. Whenever it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.   ILM is an oilfield services company; it does business in the territorial jurisdiction of this Court.

14.   ILM employed Adams as an Oilfield Driver from approximately February 2018 through to September 2019; he was responsible for delivering parts, trucks, trailers, equipment, and/or materials to customers' well sites and/or yards and for returning those items to customers' facilities. Oilfield Driver duties consists of manual labor, including heavy lifting with oilfield equipment.

15.   ILM employed Cassel as a Van Driver/Chase Driver from approximately February 2018 through April 2019; she was responsible transporting ILM's and customers' employees to and from the well sites and other duties as assigned by ILM.  Van Driver/Chase Driver duties consists of manual labor, including heavy lifting with oilfield equipment.

16.   During Plaintiffs' employment with ILM, they performed at least some work for the company in the State of New Mexico.

17.   During Adams' and Cassel's employment with ILM, they were engaged in commerce or the production of goods for commerce.

18.   During Adams' and Cassel's employment with ILM, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

19. During Adams' and Cassel's employment with ILM, the company had an annual gross volume of sales made or business done of at least $500,000.

20. ILM paid Adams and Cassel on a day-rate basis.

21. Upon information and belief, Plaintiffs were required to work a full day, or a majority of the day for them to receive his day rate for the day.

22. At no time did Plaintiffs every receive a salary or guaranteed a fixed amount in any workweek.

23. During Adams' and Cassel's employment with ILM, they regularly worked in excess of forty hour per week.

24. ILM knew or reasonably should have known that Adams and Cassel worked in excess of forty hours per week.

25. Instead, Defendant paid Plaintiffs a flat sum for day they worked regardless of the number of hours they worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium); NMSA § 50-4-22.

26. In other words, ILM paid Plaintiffs for the overtime that they worked at a rate less than one and one-half times the regular rate at which they were in employed in violation of the FLSA and the NMMWA.

27. ILM knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA and the NMMWA.

28. ILM failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29.  ILM knew or showed a reckless disregard for whether its pay practices violated the FLSA and the NMMWA.

30.  ILM is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b); NMSA § 50-4-26.

31.  All Oilfield Drivers and Van Drivers/Chase Drivers employed by ILM are similarly situated to Adams and Cassel because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are paid on a day-rate basis or otherwise not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); NMSA § 50-4-22 and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from ILM pursuant to 29 U.S.C. § 216(b); NMSA § 50-4-26.

V.  **Count One—Failure to Pay Overtime in Violation of FLSA and NMMWA**

32.  Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

33.  During Plaintiffs' employment with ILM, they were non-exempt employees.

34.  As nonexempt employees, ILM was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1); NMSA § 50-4-22.

35.  ILM did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) and NMSA § 50-4-22 for the hours they worked in excess of forty per week.

36. Instead, ILM paid Plaintiffs a flat sum for each day regardless of the number of hours they worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium).

37. In other words, ILM paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were in employed in violation of the FLSA and the NMMWA.

38. If ILM classified Plaintiffs as exempt from the overtime requirements of the FLSA and the NMMWA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA and the NMMWA.

39. ILM knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA and the NMMWA.  In other words, ILM willfully violated the overtime requirements of the FLSA and the NMMWA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. Plaintiffs adopt by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

41. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

42. In addition to the pay violations of the FLSA described above, ILM also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three— Class and Collective Action Allegations

43. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. On information and belief, other employees have been victimized by ILM's violations of the FLSA and the NMMWA identified above.

45. These employees are similarly situated to ILM because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

46. ILM's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

47. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

48. All Oilfield Drivers and Van Drivers/Chase Drivers of ILM, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

49. Plaintiffs represent at least four classes of similarly situated Oilfield Drivers and

Van Drivers/Chase Drivers:

    i. Adams represents a class of similarly situated Oilfield Drivers under the FLSA Class pursuant to 29 U.S.C § 216(b) defined as follows:

> All current and former Oilfield Drivers in the United States who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years;

    ii. Additionally, Adams represents a class of similarly situated Oilfield Drivers under the NMMWA pursuant to Federal Rule of Civil Procedure 23 defined as follows:

> All current and former Oilfield Drivers working in New Mexico who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years;

    iii. Cassel represents a class of similarly situated Van Driver/Chase Drivers under the FLSA Class pursuant to 29 U.S.C § 216(b) defined as follows:

> All current and former Van Driver/Chase Drivers in the United States who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years; and

    iv. Further, Cassel represents a class of similarly situated Van Driver/Chase Drivers under the NMMWA pursuant to Federal Rule of Civil Procedure 23 defined as follows:

> All current and former Van Driver/Chase Drivers working in New Mexico who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years.

50. ILM is liable to Plaintiffs and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

51. Because ILM knew and/or showed a reckless disregard for whether its pay practices violated the FLSA and NMMWA, the company owes Plaintiffs and the members of the putative class their unpaid overtime wages for at least the last three years.

52. ILM are liable to Plaintiffs and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

53. ILM is liable to Plaintiffs and the members of the putative class for their reasonable attorneys' fees and costs.

54. ILM has retained counsel who are well versed in FLSA/NMMWA collective and class action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

55. Adams and Cassel pray for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. an order certifying class action under Rule 23 for purposes of the claims under New Mexico law;

   c. judgment awarding Plaintiffs and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

    f.  all such other and further relief to which Plaintiffs and the Putative Class may show themselves to be justly entitled.

        Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**